GEORGE ACKERSON v. SVEA ASSURANCE COMPANY.

December 27, 1898.

Nos. 11,364—(126).

Assignment—Insurance Premium—Evidence.
    Held, that the evidence justified the findings of fact, and the findings of fact justified the order for judgment.

From an order of the district court for Hennepin county, Simp-

son, J., denying a motion for a new trial after dismissing the action, plaintiff appealed. Affirmed.

*John J. McHale*, for appellant.

*A. L. Brice*, for respondent.

BUCK, J.

The plaintiff brought this action in justice court against defendant to recover the sum of $45 and interest, and upon the trial judgment was rendered in favor of the defendant, whereupon an appeal was taken to the district court, and upon trial there the defendant obtained an order for judgment dismissing the action, and from an order denying plaintiff's motion for a new trial this appeal was taken.

The fund in controversy was litigated in a previous action in the same court wherein L. J. Peterson was plaintiff and W. S. Herber was defendant, Charles E. Hedwall garnishee, and the plaintiff herein, George Ackerson, was claimant. However, a brief statement of the facts seems advisable for a full understanding of the case: Hedwall was the local agent of the defendant, Svea Assurance Company, and Herber an insurance broker. At the request of Herber, the defendant, through its agent, Hedwall, issued a policy of insurance to the Hennepin County Barrel Company on payment of the premium of $45 by Herber, the broker, who had received the money from his principal, the barrel company. Subsequently defendant canceled its policy, which was surrendered by the barrel company through Herber, the return premium—$30.42— being returned by the insurance company to the agent, Hedwall, to be returned to the barrel company. Herber procured for the barrel company another policy for a like amount in the Providence Insurance Company, and delivered it to the barrel company with a statement of account, in which he charged them with the premium on the second policy, and his brokerage fees, and credited them with the amount of the return premium on the first policy. The barrel company paid him the balance, and he receipted to it in full.

The garnishee, Hedwall, and the broker, Herber, kept, for their own convenience, mutual accounts. Subsequently their accounts were stated and settled, at which time it was found that the gar-

nishee, Hedwall, was indebted to Herber, the defendant, in the former action, in the sum of $30.42, including the return premium on the canceled policy of the Svea Assurance Company, defendant herein.

It does not appear whether Herber has ever paid to the Providence Insurance Company the premium on its policy. Neither does it appear that it is making any claim therefor against the barrel company, and the latter has never paid the premium, unless by the terms with Herber, the broker.

Peterson, the plaintiff in the other action, sued Herber, the broker, and garnished' the $30.42 in Hedwall's hands as a debt presumably due from the latter to the former, as above stated. Ackerson, the plaintiff herein, as claimant of the same fund in the other action, and as an intervening party thereto, now sues, as assignee of the barrel company, the Svea Assurance Company, for the return premium on the canceled policy.

The test as to whether the defendant is liable in this case depends substantially upon the same evidence as in the other action, and seems to be whether the right to the fund in controversy, viz., the return premium, or, rather, $30.42 thereof, had passed from the barrel company to Hedwall, the garnishee, before the attempted assignment thereof by said company to the plaintiff, Ackerson. We think it had so passed, and that it had no further interest in said return premium which it could assign to the plaintiff, Ackerson, and that defendant is not liable therefor.

There remains, however, to be considered the question of the admission in evidence, against plaintiff's objection, of the clerk's records in the case of Peterson against Herber, defendant, Hedwall, garnishee, and the plaintiff herein, Ackerson, as claimant for the same fund. The trial court held the evidence proper, and ordered judgment of dismissal of the action upon the ground that such proceedings in the former action constituted a bar to the prosecution of this action. This, doubtless, was error, but it was error without prejudice, as upon the facts found the defendant was entitled to order for judgment of dismissal, irrespective of the rec-

ord proceedings in the other action. It is familiar doctrine that a wrong reason for a right ruling is not reversible error.

Order affirmed.